JULIA G. ASH and another *vs.* JOHN B. HARE.

Knox.    Opinion May 9, 1882.

*Equity.    Contract.*

A gave T a deed of certain real estate upon T's agreement to pay certain debts and give A a life lease of the same premises with the privilege to A to redeem the property conveyed. T paid the debts according to agreement but·before executing the life lease he died. H purchased T's title to the property from his heirs with a full knowledge of the equitable rights of A. *Held,* in a suit in equity by A against H to enforce the agreement made by T, that H was bound by the equities between A and T; and he was decreed to execute a life lease of the premises to A.

ON REPORT.

Bill in equity to enforce an agreement of the defendant's grantor to give a life lease to the plaintiffs of certain real estate in the possession of the plaintiffs, and to enjoin the defendant from prosecuting his writ of entry against these plaintiffs for the possession of the property.

The opinion states the case and material facts.

*Rice and Hall,* for the plaintiffs.

*D. N. Mortland,* for the defendant, in an able argument contended that· there was not sufficient evidence here to enable a court of equity to interfere and decree specific performance of a parol contract; and that the contract, if made, was barred by the statute of frauds. Story's Eq. Jur. § § 762, 768, 753; *Stuart* v. *Walker,* 72 Maine, 145.

The court has not the power to compel performance of a verbal contract even under the stat. of 1874, c. 175 ; *Patterson* v. *Yeaton*, 47 Maine, 308 ; *Wilton* v. *Harwood*, 23 Maine, 131 ; *Parker* v. *Parker*, 1 Gray, 409 ; *Jordan* v. *Fay*, 40 Maine, 130.

Counsel further cited : *Stone* v. *Bartlett*, 46 Maine, 438 ; *Erskine* v. *Decker*, 39 Maine, 467 ; R. S., c. 73, § § 8–11 ; *Phillips* v. *Leavitt*, 54 Maine, 405 ; *Leavitt* v. *Pratt*, 53 Maine, 147 ; *Glass* v. *Hulbert*, 102 Mass. 24 ; *Barnes* v. *B. and M. R. R.* 130 Mass. 388.

APPLETON, C. J. This is a bill in equity and is heard on bill, answer and proof.

The following facts seem to be fully established. Nathaniel Ash, the husband of one of the complainants, died on July 14, 1875, being indebted to the amount of rising four hundred dollars and leaving two pieces of real estate, which, after payment of his debts, he devised to the complainants to hold in common for their lives or the life of the survivor of them, with power to dispose of the same, then to Miriam P. Philbrook, and if she died before the complainants to them in fee. The estate to be subject to certain conditions in the will.

The complainant, Mrs. Ash, owned two tracts of land in her own right. For the purpose of paying the debts of her husband's estate, she, with Miss Hall, the other complainant, conveyed by deed of warranty on December 6, 1876, to John L. Tracy, the land of which Ash died, seized, as well as that which Mrs. Ash owned in fee, with the agreement on the part of Tracy that he should pay the debts of the estate, give them a life lease, and that they might redeem the premises conveyed.

Tracy paid the debts against the estate. A life lease was prepared, but owing to the absence of counsel, whom he wished to consult, it was not signed. After his death, which occurred June 22, 1877, it was found among his papers unsigned.

It is obvious that the conveyance to Tracy was for security for the advances he was to make in payment of the debts of Mr. Ash, and that it was part of the agreement when it was made that the complainants should be protected in the enjoyment of

the premises granted, by a life lease. If they were unable to redeem, their life-estate was at all events to be secured to them.

The parol agreement had been partially executed. The premises had been conveyed. It would have been fraud on the part of Tracy to have retained the estate conveyed, and refuse the performance of the conditions under which he received the conveyance. As between Tracy and these complainants, he would not have been permitted to hold the estate discharged of the performance of his agreement. A court of equity would have enforced its performance. 2 Story's Eq. § § 759–768 *et seq.* *Stinchfield* v. *Milliken*, 71 Maine, 567 ; *Rowell* v. *Jewett*, 69 Maine, 293.

On September 17, 1879, the defendant, Hare, acquired the Tracy title for the amount which had been advanced for the payments of the debts of the Ash estate. Not having the means to make this payment, he borrowed the amount of General Tillson and mortgaged the land purchased of the Tracy estate to secure the loan made. The title of General Tillson as mortgagee is unquestioned.

It is in evidence that the defendant lived in the family of the complainants, and that he married Miss Philbrook, in whom the estate was ultimately to vest after the death of the complainants, that he made his purchase with a full knowledge of the equitable rights of these complainants, and that Tracy was bound to execute a life lease to them. · Taking the estate from the heirs of Tracy with a full knowledge of the equities between the parties to the original agreement, he takes it subject to those equities, which were fully recognized alike by Tracy and his heirs. He stands in the place of Tracy. As Tracy, holding the estate, was bound to give a lease, so the defendant knowing that obligation on Tracy's part, takes the same subject to its performance. *Lewis* v. *Small*, 71 Maine, 553.

The defendant cannot be regarded as mortgagee for the amount advanced by Tracy. The estate is held by General Tillson as mortgagee. To discharge the estate from the mortgage, payment must be made to him. But he is not made a party. His prior rights are in no way to be affected by the decree in this case. Nor indeed do the complainants even offer to redeem

the estate. This, therefore, cannot be regarded as a bill to redeem a mortgage. The proper parties are wanting.

The result is that the defendant be decreed to execute a life lease of the promises in controversy to the complainants for their joint lives and for the life of the survivor, and be further enjoined from prosecuting his suit at law against them, and that the complainants recover costs.

APPLETON, C. J., WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.